## EUNICE THATCHER *vs.* BRADFORD HOWLAND & another.

A boundary mentioned in a deed may be rejected, when it is manifest from all e cir-
cumstances of the case that it was inadvertently inserted, and that a tract of land
with different boundaries was bargained for and intended to be conveyed.

D. conveyed to E. " all his real property or homestead together with about thirty acres
of land, more or less, with all the orchards, privileges, &c. for more particular boun-
daries reference being had to a deed given by R. to said D. ": D. had previously
conveyed to L. one half of the land conveyed to D. by R. ; but L. had at the same
time conveyed to D. other land adjoining to that which R. had conveyed to D. : D.
was not, when he conveyed to E., seized of the fifteen acres of the land which would
be included by a reference to the boundaries mentioned in R.'s deed to him ; and un-
less the deed from D. to E. included the land conveyed to D. by L., E. would have
title under it only to fifteen acres in the whole, though he paid a full consideration for
thirty acres.

*Held,* that the reference, in the deed from D. to E., to the boundaries described in R.'s
deed to D. was inadvertent and should be rejected, and that the land conveyed to D.
by L. passed by D.'s deed to E.

*Held* also, that D.'s widow, by her deed conveying to the heirs of E. all her right and
title to the estate conveyed by D. in his deed to E. barred herself of dower in the
land conveyed to D. by L.

WRIT of dower, containing six counts describing six several
parcels of land in Dartmouth, the third part of each of which
the said Eunice demanded as her dower, of the endowment of
David Thatcher deceased, heretofore her husband.

The case was referred to John H. Clifford, Esq. under a rule
of this court, who made his award as follows : " That the de-
mandant recover of the tenants $ 10 *per annum*, from the 29th
of August, 1835, to the time of the rendition of judgment in
this suit, for arrearages due to her for one third part of the rents
and profits of the premises described in the second count of her
writ, and that her dower in said premises be assigned to her ac-
cording to law.

" In reference to the several messuages and parcels of land
described in the five other counts of the demandant's writ, the
referee, with the consent and at the request of the parties, pre-
sents the following statement for the consideration and adjudica-
tion of the court.

" It is admitted that prior to the year 1810, David Thatcher,
then husband of the demandant, was seized in fee of the premi-

ses described in the several counts last mentioned.   On the 1st of June, 1805, Clark Ricketson, by his deed of warranty, of that date, for the consideration of $ 1550, conveyed to said David Thatcher certain land, orcharding, &c. together with the buildings thereon.   On the same 1st of June, said David Thatcher conveyed to Laban Thatcher, for the consideration of $ 300, part of the land so conveyed to him by said Ricketson; and Laban Thatcher, by deed of the same date, conveyed to said David Thatcher, for the consideration of $ 400, other lands contiguous to those which had been conveyed to said David by said Ricketson, and comprising the premises described in the five counts aforesaid of the demandant's writ.

" On the 10th of July, 1810, said David Thatcher, for the consideration of $ 5000, conveyed to Samuel Eliot all his real property or homestead," [in the terms hereinafter set forth in the opinion of the court.]   " The wife of said David (the demandant) did not join in said conveyance.   But after the death of said David, to wit, in March, 1820, she for a nominal consideration conveyed to the heirs of said Eliot all her right and title to the estate which the said David had conveyed to said Eliot on the 10th of July, 1810.

" Upon the foregoing statement, it is contended by the tenants, that the deed from David Thatcher to Samuel Eliot, conveyed the premises described in said five counts of the demandant's writ, and that the demandant, by her deed to the heirs of said Eliot, released her right of dower therein.

" The demandant contends, on the other hand, that the deed from David Thatcher to Samuel Eliot did not include the premises described in said last mentioned counts of her writ, and that if it did, she did not acquit her right to dower in said premises by her said deed to the heirs of said Eliot.

" David Thatcher died in 1833 ; and the demandant duly made her demand for dower in the premises, on the 29th of August, 1835.

" If, upon the foregoing statement, and with reference to the deeds aforesaid, the court shall be of opinion that the demandant is not entitled to dower in the premises described in the first,

third, fourth, fifth and sixth counts of her writ, judgment upon those counts is to be rendered for the tenants. If the court shall be of opinion that the demandant is entitled to dower in said last mentioned premises, the referee awards as follows :

" That the demandant recover of the tenants the sum of thirty-eight dollars *per annum*, from the 29th of A  gust, 1835, to the time of the rendition of judgment in this suit, for arrearages due tu her for one third of the rents and profits of the premises described in said five counts of her writ, and that her dower in said premises, described in said counts, be assigned to her according to law. He also awards that the demandant recover of the tenants her legal costs, and the costs of reference."

No question was raised by the tenants as to the demandant's right to recover on the second count in her writ.

*Coffin*, for the demandant.

*Eliot*, for the tenants.

PUTNAM, J. It appears that after David Thatcher bought of Clark Ricketson the land, orcharding and buildings thereon, containing thirty acres, more or less, said David conveyed a part of the land to Laban Thatcher, on the 1st of June, 1805 ; and that on the same day, Laban Thatcher conveyed to said David the land in which the demandant claims to recover dower in all her counts, except the second. So that David Thatcher, the husband of the demandant, was seized in his lifetime of the estate in which she demands dower.

David Thatcher conveyed to Samuel Eliot, on the 10th of July, 1810, in these words : " all my real property or homestead, so called, lying and being in Dartmouth, consisting of a dwellinghouse and outbuildings, together with about thirty acres of land, let the same be more or less, with all the orchards, privileges and appurtenances thereto belonging or any way appertaining — more particular boundaries, reference may be had to a deed, given by Clark Ricketson to David Thatcher, of the abovementioned premises."

Now when this deed was made, David Thatcher was seized of only a part of the land which he bought of Ricketson ; but he had bought about as much of Laban Thatcher adjoining to

Thatcher *v.* Howland & another.

the land which he (David) bought of Ricketson, and had about the same quantity in the whole, as he had originally bought of Ricketson. The principal part of what David Thatcher conveyed to Eliot came from Ricketson ; and inadvertently reference was had to the deed from Ricketson to David Thatcher for particular boundaries. Eliot, however, entered into possession of the whole ; as well of the part which David Thatcher purchased of Ricketson, as of the part which he purchased of Laban Thatcher. In a suit between Eliot's heirs and Laban Thatcher, October term 1822, the court had occasion to give a construction to this conveyancing ; and the reasoning of the then able chief justice, upon revision, appears to be satisfactory.*

* WILLIAM H. ELIOT & others *vs.* LABAN THATCHER.

This was a real action to recover the land in question in the case in the text PARKER, C. J. The demandants claim title to the premises described in the writ, by virtue of a conveyance from David Thatcher, executed and delivered on the 10th of July, 1810. [The contents of the deed were here stated.] Upon looking at the deed of Clark Ricketson referred to in the deed to Samuel Eliot, it appears that about thirty acres of land were conveyed to David Thatcher, which included no part of the premises demanded. It appears also by the deed of David Thatcher to Laban Thatcher, made the 1st of June, 1805, that David conveyed to Laban about one half of the land which he had purchased of Ricketson, so that when he made his deed to Samuel Eliot, he was seized only of about fifteen acres of that land, instead of thirty which he intended to convey to Eliot. But on the same day on which this last mentioned deed was executed, Laban executed and delivered to David a deed of other land adjoining to the part purchased of Ricketson retained by David, and the land so conveyed by Laban includes the premises demanded. The question is, whether the land purchased of Laban by David, or taken in exchange for a part of the Ricketson lot, passed to Samuel Eliot by the deed under which the demandants claim. And this question turns upon the construction of that deed, with reference to the actual state of the title and occupation of the grantor at the time of his conveyance. It is to be considered, that when the grantor sold the land to Eliot and received the consideration, he was the owner and in possession of the demanded premises, that the same were contiguous to the land on which the dwellinghouse stood, and that he did not own or occupy the other part of the land described in Ricketson's deed, so that if he intended to include that in his deed to Eliot, describing it as containing thirty acres, and referring to Ricketson's deed for the boundaries, he practised a gross fraud ; which ought not to be presumed, if the terms of the deed can be satisfied in any way consistent with honest intentions. And we think they can, without any violent construction, and indeed so as to effectuate the probable intention of the grantor at the time. He conveys all his real property in Dartmouth, qualified only by the

It was decided that the deed, which David Thatcher made to Eliot, did contain the land which the grantor purchased of Laban Thatcher, as well as that which was then in the grantor's possession which he had purchased of Ricketson.

words " or homestead," signifying, as we apprehend, all his real property in his actual occupation, and which was not severed by any real estate belonging to any one else. *Homestead* does not mean precisely a farm, but only that part of a man's landed property which is about and contiguous to his dwelling-house, distinguishing it from outlands. He further describes the lot conveyed as containing about thirty acres, and although the words " be the same more or less " be added, it is obvious, as there are no particular boundaries in the deed, that he could not have intended to convey a lot which contained only one half of that quantity. He then refers to Ricketson's deed for more particular boundaries. Now it is obvious that he could not have referred to that deed for a description of the whole land intended to be conveyed, without undertaking to sell to Eliot what he had five years before sold to Laban Thatcher, and what he must have known at the time he had no title in. This he could not have done otherwise than by a palpable fraud upon Eliot; nor would he have undertaken to bind himself by a general covenant of warranty to make good a title which he must have known at the time was wholly without pretence. The reference therefore to Ricketson's deed must have been a mistake. The deed to Eliot was made at Boston, many miles distance from the grantor's place of residence. He conveyed all his property in Dartmouth in general terms; he was unable probably, from any documents in his possession, to give a particular description, remembering only that he had purchased of Ricketson; and it is a matter of some importance, that his interest in the lands demanded was in part derived from Ricketson, as it was by means of that title that he acquired by exchange the lands of Laban Thatcher. " Grants or deeds are to be construed according to the intention of the parties, and if there appears any doubt or repugnancy in the words, such construction is to be made as is most strong against the grantor, because he is presumed to have had a valuable consideration for what he parts with." Bac. Ab. Grant, I. It is also a well known rule of construction of deeds, that a precedent particular description shall not be impaired by a subsequent general description or reference. The words " all my real property or homestead in Dartmouth " were of themselves sufficient to pass all the grantor's land in that town, which was occupied or connected with his dwellinghouse; perhaps the lot of land, which he owned several miles off, would be excluded from the grant, on account of the word *homestead,* which is used as a qualification of the words " all my real property "; but without the word *homestead,* that out-lot as well as his other land would have passed. Then if the reference to Ricketson's deed would serve only to limit the grant to a tract much less than by the former words was intended to be conveyed, so as to reduce the quantity from thirty to fifteen acres, it is clear that the grantee's right ought not to be restrained by that reference. It ought to be rejected as an inadvertency in the description; for the grantee cannot take according to it, the title to one half of that land not being in the grantor at the time of the conveyance.

But the demandant did not join in the said deed of her husband to Eliot; and the heirs of Eliot, in March, 1820, obtained a deed from her, in which she conveyed to them in the following words : " All my right and title in and to a certain estate lying and being in Dartmouth, in the county of Bristol, consisting of a dwellinghouse and outbuildings, together with about thirty acres of land, being the homestead of my said husband, David Thatcher, which he conveyed to said Eliot, in his lifetime, by his deed dated July 10th, 1810, and recorded," &c.

It has been contended for the demandant, that there is only a nominal consideration set forth in her conveyance aforesaid. But the deed would not, for that reason alone, be void. It may have been that only a nominal consideration was paid, because the demandant had originally agreed to join with her husband in a release of her dower, but had been prevented by accident from doing it. There is no suggestion that this conveyance was procured by any fraud ; and no other question is now raised but whether the deed includes the land which her husband purchased of Laban Thatcher. This deed was made before the suit was commenced by Eliot's heirs against Laban Thatcher, and the principal reference in the deed is to the estate which her husband had conveyed to Eliot in his lifetime. Eliot's heirs were then in possession of the land, claiming under the deed of her husband ; and she released to them all her right to the estate which her husband had conveyed. What estate had her husband conveyed to Eliot ? We are satisfied that it included the land which her husband had bought from Laban Thatcher, and was part and parcel of the estate which he then possessed. The reasons for this construction were set forth at large in the opinion of the late chief justice, to which we have referred.

The demandant has therefore barred and excluded herself from having any dower in all the premises, described in her writ, which came from Laban Thatcher to her husband. But she is entitled to recover her dower in the premises described in her second count, with ten dollars *per annum* for arrearages, from August 29th, 1835 to this time, according to the report of the referee.